UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 09-20911-CIV-MORENO**

WALTER FERNANDEZ and all others
similarly situated under 29 USC 216(B),

    Plaintiff,

vs.

OCEAN ONE AT 194TH CONDOMINIUM
ASSOCIATION, INC. and JIMMY OLYMPIOS,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' VERIFIED MOTION TO VACATE DEFAULT FINAL JUDGMENT

THIS CAUSE came before the Court upon Defendants' Verified Motion to Vacate Default Final Judgment and Memorandum of Law (**D.E. No. 13**), filed on **May 22, 2009**.

THE COURT has considered the motion, response, reply and the pertinent portions of the record, and is otherwise fully advised in the premises. Defendants move to set aside the default entered against them alleging that their failure to respond to the Complaint was due to excusable neglect as their registered agent mishandled the Complaint. In order to establish mistake, inadvertence, or excusable neglect, the defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint. *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). With respect to the third element, "a technical error or a slight mistake" by a party's attorney should not deprive the party of an opportunity to present the merits of his claim. *Id.* The Court finds that Defendants' failure to

respond to the Complaint was due to excusable neglect. Therefore, it is

**ADJUDGED** that Defendants' Verified Motion to Vacate Default Final Judgment is **GRANTED**. The Default Final Judgment entered against Defendants is vacated. The Court accepts Defendants' Answer and Affirmative Defenses found at Exhibit "A" of D.E. No. 13.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of June, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record